[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13848

Non-Argument Calendar

_____

DARLENE C. MOORE,

Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-05266-LMM

_____

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Darlene Moore, *pro se*, appeals the district court's order affirming the Commissioner of Social Security's ("Commissioner") denial of her application for a period of disability, Supplemental Security Income, and disability insurance benefits. She states that she is disabled due to osteoarthritis of the hips and asks us to approve her application.

When, as here, an Administrative Law Judge ("ALJ") denies benefits and the Appeals Council denies review, the ALJ's decision is reviewed as the Commissioner's final decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The decision is affirmed if it is supported by "substantial evidence" and is "based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation marks omitted). A decision is supported by substantial evidence if the administrative record contains evidence that a reasonable person would accept as adequate to support the agency's factual conclusions—even if it may be outweighed by other evidence. *Id.* at 1158–59. We do not reweigh the evidence, reevaluate the facts, or substitute our judgment for the Commissioner's. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

The social security regulations outline a five-step process that the ALJ must use to determine whether a claimant is disabled: (1) whether she is engaged in substantial gainful activity; (2) if not,

whether she has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals the medical listings; (4) if not, whether she can perform her past relevant work in light of her residual functional capacity; and (5) if not, whether she can perform other work. 20 C.F.R. § 404.1520(a)(4); *Winschel*, 631 F.3d at 1178.

Though *pro se* briefs are construed liberally, *pro se* litigants abandon issues not briefed on appeal. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An issue is not briefed on appeal when it is not specifically and "clearly identified" by a party in its opening brief. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). For an issue to be adequately briefed, it must be plainly and prominently raised and must be supported by arguments and citations to the evidence and to relevant authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Even construing her *pro se* brief liberally, Moore has abandoned her claim by not citing any law on appeal, identifying any alleged errors in the decision, or arguing that the decision is not supported by substantial evidence. *See Timson*, 518 F.3d at 874; *Sapuppo*, 739 F.3d at 681.

In any event, the Commissioner's decision is supported by substantial evidence and was based on proper legal standards. *See Crawford*, 363 F.3d at 1158. The ALJ properly went through the five-step process in evaluating whether Moore was disabled. *See* 20 C.F.R. §§ 404.1520, 404.1545. The determination was supported

4                    Opinion of the Court                    22-13848

by state medical consultants' reports stating that Moore could perform her past sedentary work, Moore's rejection of suggested treatment, a medical report stating that she had "normal gait and station," and expert testimony about her prior jobs. This evidence is sufficient to support the conclusion that Moore is not disabled. *See Crawford*, 363 F.3d at 1158–59; *Winschel*, 631 F.3d at 1178.

**AFFIRMED**